Van Dyck agt. McQuade.

# N. Y. SUPERIOR COURT.

## VEDDER VAN DYCK, as receiver of the Yorkville Savings Bank, agt. JOHN McQUADE.

*Trustees of savings banks — their liability for misapplication of the funds of the bank at common law and under the statutes — Set-off.*

A trustee of a savings bank is liable at common law to the corporation for misapplication of the funds of the bank, and a receiver can enforce such liability.*

Trustees of a bank are but agents of the corporation, and each is liable for all damages occasioned by his violation of the duty he owes his principal, whether it consists in positive misconduct, neglect or omissions.

Where it is established that a trustee of a savings bank willfully co-operated with other trustees to effect, and in effecting, a declaration and payment of dividends when there were no surplus profits out of which they would be paid:

*Held*, that for such misconduct, independent of any statutory enactments,

---

* To the same effect is the case of *Van Dyck* agt. *Kerr.*

EUGENE F. POMEROY, *Referee.* — The plaintiff is receiver of the Yorkville Savings Bank, and defendant was one of its trustees during its corporate existence.

The bank received its charter in 1869, and defendant was therein named as one of its incorporators and trustees, and he accepted and held such position from the date of the organization of the bank down to the date of its dissolution in 1877, having been its president for a portion of that time.

During the period of its corporate existence the defendant, in conjunction with his co-trustees, declared, paid and credited each six months from January 1, 1869, to January 1, 1877, both inclusive, dividends to depositors whose deposits had remained with the bank for six months prior to the declaration of said dividends.

This action is now brought by plaintiff to recover from the defendant the amount of these dividends, with interest thereon from the date of their credit or payment, upon the ground that no such dividends were earned, and that the payment and crediting of them by defendant, or through his procurement or intervention, or by his assent, was in gross violation of his duty as a trustee of the bank, for which he should be held liable.

he is liable to the corporation or a creditor thereof, for the amount of such dividends.

*Held,* also, that he is liable by force of statutory provisions, *i. e.,* under title 2, chapter 18, part 1 of the Revised Statutes, and under chapter 371 of the Laws of 1875.

The trustees are liable severally as well as jointly.

The fact that defendant attended the meetings of the trustees at which the dividends were declared, and did not object to the resolution authorizing them, raises the presumption that he assented to the resolution. He was bound to know the bank's condition.

In such an action the defendant (the trustee) is not entitled to set off as against these dividends certain amounts loaned to the bank during his trusteeship, and for which amount he now remains a creditor of the bank.

The claim of defendant is upon contract; the claim of the plaintiff herein is founded in tort. A claim on contract cannot be set off in an action for tort unless both arise out of the same transaction.

*March,* 1879.

THIS action was brought to recover the amount of dividends declared, credited and paid by the Yorkville Savings Bank of the city of New York, of which plaintiff is receiver.

There has been much discussion as to the proofs in the case, and defendant has made, as I think, a futile effort to show that the declaration of some, at least, of these dividends, were paid out and credited out of actual net profits, others without his knowledge or assent, and still others relying upon statements made to him by the secretary of the bank having special charge of its books and its assets, upon which statements he had a right to rely, and his actions based upon which can in no sense be considered as such negligence as to create in him liability therefor.

In this view I cannot concur. It seems clear that it is the duty of a trustee to know the condition of the trust which he is administering, and he cannot retire behind want of knowledge or misstatements by others, or want of positive action on his part, to relieve himself from liability (*Osgood* agt. *Layton,* 3 *Keyes,* 521).

But in the case at bar the proofs do not bear out defendant's assertions.

The bank began borrowing money from its trustees, and this defendant as one of them, from its very inception, and these borrowings continued for a long time thereafter.

The sums so obtained were borrowed to pay the current expenses of the bank, and it is clearly shown that these loans have never been repaid.

By the minutes it is shown that these several sums were to be repaid

Van Dyck agt. McQuade.

The bank was incorporated by act of the legislature of the state of New York, approved April 27, 1869, and the defendant was named therein as one of its incorporators and trustees, and he served as such trustee until the appointment of plaintiff as receiver, and for several years was vice-president and chairman of the executive committee of the bank.

The trustees of the bank declared dividends of six per cent, semi-annually, upon deposits which had remained in the bank during the six months immediately preceding such declaration, and such dividends were regularly credited to such depositors on the books of the bank.

The defendant was present at nearly every meeting of the trustees at which dividends were declared and never objected to, or voted against them.   While chairman of the executive committee, he made reports to the trustees of the financial condition of the bank, and in each report recommended the declaration of the " usual dividend."   He also, up to January, 1876, received, as a depositor, a portion of each dividend.

The bank was insolvent during its entire corporate existence,

to the trustees in one year, or sooner if the bank were in condition to repay the same, and they were entered in the account on the bank's books known as the "trustees' loan account."

It is, of course, obvious, that the payment of the current expenses of the bank by these loans so procured from the trustees in no sense increased the assets of the bank, but was a mere change of form of indebtedness from debts due landlords, stationers, clerks and the like, to a debt due the trustees.

The defendant himself made a large part of these loans to the bank, and became and was a participant in the transactions.   It is self-evident, therefore, that he had personal knowledge of the fact that the bank was unable to earn, or had not earned, sufficient to meet its expenses without borrowing, and that inasmuch as it continued to borrow and never repaid, that it was, from its very inception and continued to its final dissolution, insolvent.

In this view the declaring and payment or crediting of dividends to the depositors was a clear violation of duty by the trustees, a violation which amounted, upon the most charitable construction, to gross negligence, and for which they ought to be, and for which the law holds them, jointly and severally liable. Ignorance of the condition of the bank

and never had any net profits, earnings or income out of which dividends to depositors could be properly paid.

The action was tried. before Hon. Joseph S. Bosworth as referee, who directed judgment against the defendant for the total amount of all the dividends declared and credited by the bank, with interest upon the amount of each dividend from the date of its declaration.

*Freling H. Smith*, for plaintiff.

Defendant is liable upon three grounds:

First. At common law for misapplication of the funds of the bank.

Second. Under title 2, chapter 18, part 1 of the Revised Statutes.

Third. For all dividends declared after January, 1875, under chapter 371 of the Laws of 1875.

These remedies are cumulative.

I. *As to the common law remedy.* Trustees of a bank are but agents of the corporation, and each is liable for all dam-

---

would not relieve them, and where knowledge of its insolvency is so definitively brought home to them, there can be no excuse for their action..

It is useless to argue that they hoped to be able to earn sufficient to become solvent; they should have awaited that period before declaring unearned dividends, the declaring of which was in effect distributing the money of their depositors to persons not entitled thereto.

This liability is created at common law irrespective of the provisions of the Revised Statutes or of the act of 1875 relating to savings banks, the remedy under them being cumulative at best, and a discussion of those provisions is unnecessary (*Potter on Corporations*, secs. 324, 331; *Robinson* agt. *Smith*, 3 Paige, 222; *Attorney-Gen.* agt. *Utica Ins. Co.*, 2 John. Ch., 371; *Cunningham* agt. *Pell*, 5 Paige, 607; *Franklin Ins. Co.* agt. *Jenkins*, 3 Wend., 130; *Austin* agt. *Daniels*, 4 Denio, 299).

Nor am I able to discover that the defendant was not an active participant in the declaration of these dividends.

. That dividends were to be declared was an advertised fact, signs in the windows of the bank building announced it, and circulars were printed and sent out with defendant's knowledge promising them.

At such meetings as he was present he voted for such declaration, or:

·ages occasioned by his violation of the duty he owes his principal, whether it consists in positive misconduct, neglect or omissions (*Angell · & Ames on Corporations, secs. 312–317; Austin agt. Daniels, 4 Den., 299 [301]; Franklin Ins. Co. agt. Jenkins, 3 Wend., 130; Butts agt. Wood, 37 N. Y., 317; S. C., 38 Barb., 181; The Att'y-Gen'l agt. The Utica Ins. Co., 2 J. C., 389; Robinson agt. Smith, 3 Paige, 222; Com'l Bank of Penn. agt. Union Bk. of N. Y., 1 Kern., 203; Cumberland Coal · Co. agt. ·Sherman, 30 Barb., 553 [571] and cases cited; Gillet, rec'r of St. Lawrence Bk. agt. Moody, 3 N. Y., 479; Osgood agt. Layton, 5 Abb. Pr. [1 Ct. App'ls]; Cunningham agt. Pell, 5 Paige, 607; Scott agt. Depeyster, 1 Ed. Ch., 513; Potter on Corporations, :secs. 318–333 and cases cited; Scott agt. De Peyster, 1 Edw. Ch., 518; French, receiver, agt. Redman, 13 How., 502; Excelsior Petroleum Co. agt. Lacey, 63 N. Y., 422; Smith agt. Hurd, 12 Metc., 371*).

Defendant was guilty of a misapplication of the funds of the bank in voting to declare the dividends.

It is, at common law, a misapplication· of the funds of a · ·corporation to declare dividends other than out of net profits (*Lockhart agt. Van Alstyne, 31 Mich., 76; Pittsburg*

at subsequent meetings he approved the dividends theretofore declared, and tacitly acquiesced in their crediting and payment.

It is true that the trusteeship of a savings bank is a gratuitous service of the party accepting it, but there is no law which compels its accept-ance·or requires that it be retained when the trustee becomes convinced ·that the trust is not properly administered. If he accepts the office, he must perform it with the same fidelity and care that he would take of his ·own affairs, and when he suffers others without protest to squander and ·misapply the trust funds, he is as liable as though he were himself the ·active moving party (*Osgood agt. Layton, 3 Keyes, 522 ; Potter on Corpora-·tions, sec. 324 et seq.*).

It is true that he is not compelled to give all his time to the office, but ·he is unquestionably bound to give so much of it as is necessary to keep himself informed of the administration of the trust or retire, and his absence from meetings regularly called cannot excuse him (*Mechanics' Bank agt. Seton, 1 Peters, 299*).

Van Dyck agt. McQuade.

*R. R. Co.* agt. *Allegheny Co.,* 63 *Pa. St.,* 126 ; *Carpenter* agt. *N. Y. and N. H. R. R. Co.,* 5 *Abb. Pr.,* 277) ; and a fraud upon its creditors (*Osgood* agt. *Layton, supra*).

The trustees are liable severally as well as jointly (*Angell & Ames, sec.* 312 ; *Franklin Ins. Co.* agt. *Jenkins, supra* ; *Potter on Corporations, secs.* 326, 332).

The proof of defendant's participation in the declaration, credit and payment of the dividends is sufficient.

The fact that he attended the meetings of the trustees at which the dividends were declared, and did not object to the resolutions authorizing them, raises the presumption that he assented to such resolution (*Morrisey* agt. *Indianapolis R. R. Co.,* 4 *Biss. U. S. Circ't Ct.,* 78).

Defendant was bound to know the bank's condition (*Edwards on Bailments* [2 *ed.*], *p.* 77 ; *Mechanics' Bank* agt. *Seton,* 1 *Peters,* 299 ; *Osgood v. Layton, supra*).

II. As to defendant's liability under title 2, chapter 18, part 1 of the Revised Statutes.

Defendant is " liable personally to the *creditors*   *   *   * of the corporation   *   *   *   for the full extent of any loss they may respectively sustain " from the declaration of the dividends under section 10 of article 1 of said title, if the bank was a " moneyed corporation."

In the view I have taken of the proofs the bank was never solvent, never had earned, at any period when dividends were declared, sufficient in amount to pay a dividend after deducting expenses, and defendant was aware of the fact, and on these findings I cannot but determine that he is severally liable for the whole amount of the dividends declared, paid or credited during the whole period that he was a trustee.

The only question which remains is as to whether the defendant should be entitled to set off as against these dividends the amount which he contributed in the way of loans to the bank during his trusteeship and for which amount he now remains a creditor of the bank.

I do not hesitate to say that were the law not so well settled, I should seek to grant the set-off asked, because I am convinced that in defendant's case his acts were more grossly negligent than willfully fraudulent. But the set-off cannot be allowed. His own claim is upon contract, the claim of the plaintiff herein is founded in tort. They cannot be offset

Van Dyck agt. McQuade.

. The bank was a "moneyed corporation" within the meaning and definition of this statute (*sec.* 51, *tit.* 3 ; *French, recr.,* agt. *Gearty, MS. opinion of* LAWRENCE, J. ; *Mutual Ins. Co.* agt. *Board of Supervisors,* 4 *N. Y.,* 442 ; *Talmage* agt. *Pell,* 7 *id.,* 328 ; *The People, &c.,* agt. *The Board of Supervisors, &c.,* 16 *id.,* 424 ; 2 *Abb. Dig. Law Corporations, p.* 627, *par.* 16).

If, however, the bank was not a "moneyed corporation," then title 4 of said chapter of the Revised Statutes applies (*see sec.* 11), and defendant's liability both to the corporation and "to the creditors thereof," since its dissolution, is too plain for argument.

The plaintiff, as receiver, succeeds not only to all the rights of the bank; he represents, also, all its creditors and is the proper person to bring this action in their interest (*Osgood* agt. *Layton,* 48 *Barb.,* 465 ; *S. C.,* 3 *Keyes,* 521 ; *Gillet, receiver of the St. Lawrence Bank,* agt. *Moody, supra; Osgood, recr.,* agt. *Ogden,* 4 *Keyes,* 82 ; *Porter* agt. *Williams,* 9 *N. Y.,* 142 ; 2 *R. S., p.* 469, *secs.* 67, 68 *and p.* 464, *sec.* 41 ; *Mechanics' Bank* agt. *Bank of New Brunswick,* 2 *Greene's Ch.,* 437). The case of *Butterworth, receiver,* agt.

---

(*Keeler* agt. *Adams,* 3 *Cain,* 84; *Anon.,* 1 *Code R.,* 40; *Code Civil Procedure, sec.* 501; *Patterson* agt. *Richards,* 22 *Barb.,* 143).

Much testimony has been given before me relative to the infamous mismanagement of the bank during its existence. Finding as I have done, it has been unnecessary to discuss these matters in detail.

The management as proven has shown the most culpable carelessness on the part of negligent trustees, as to what was being done with the trust funds in the bank's charge, and conduct on the part of those having more especial charge of its assets which is well-nigh criminal.

Trustees who permit such conduct should be held to the strictest accountability, and technical objections should not be allowed to prevail to shield them from the severest liability that the law gives.

At once it is known that punishment will follow inattention and negligence on the part of trustees, and that technical excuses will not avail, trusts will be conducted with that care, fidelity and honesty which the law demands and trustees will awaken to the necessity of strict attention to their duties.

Van Dyck agt. McQuade.

*O'Brien,* holding contra, was overruled in *Osgood* agt. *Layton, supra.* The receivership of an insurance company is the same in this respect as of other corporations (*See* 4 *Ed. S., p.* 210, *sec.* 20).

The remedy under the Revised Statutes is cumulative and does not affect defendant's liability at common law (*Gillet, recr.,* agt. *Moody, supra; Potter on Corp., secs.* 324 *and* 331; *The President of the F. T. Road* agt. *Coventry,* 10 *Johns.,* 389). And the defendant is liable not only to the plaintiff as representing the creditors, but also as representing the corporation itself (*Potter on Corp., sec.* 324; *Cunningham* agt. *Pell,* 5 *Paige,* 607).

III. Defendant is also liable for all dividends after January, 1875, under chapter 371, Laws 1875, section 33.

The remedy under this statute is also cumulative (*See cases above cited*).

If it repeals the above provisions of the Revised Statutes, so far as they relate to savings banks, it does not affect plaintiff's remedy at common law, nor the rights accrued under the Revised Statutes prior to the act of 1875.

The legislature had no power to take away such rights (*The People, &c.,* agt. *The Supervisors of W. Co.,* 4 *Barb.,* 64; *Vandekar* agt. *The R. and S. R. R. Co.,* 13 *id.,* 390).

IV. The declaration and credit of the dividends were equivalent to its payment so far as the rights of the bank were concerned. After such declaration the right to the dividend became a debt due from the bank to the depositors (*Carpenter* agt. *N. Y. and N. H. R. R. Co.,* 5 *Abb. Pr.,* 277; *Jackson* agt. *Newark Plank Road Co.,* 2 *Vroom.,* 277; *King* agt. *Paterson and H. R. R. R. Co.,* 5 *Dutch.,* 504; *The Shetucket Foundry Co.,* 34 *Conn.,* 543).

V. It is immaterial whether the trustees, declaring the dividend, constituted a quorum (*Butts* agt. *Wood, supra*).

VI. The set-off claim cannot be allowed. A claim on contract cannot be set off in an action for tort, unless both arise out of the same transaction (*Hepburn* agt. *Hoag,* 6 *Cow.,*

Van Dyck agt. McQuade.

613; *Hart* agt. *Brady*, 1 *Sandf.*, 626; 2 *R. S.*, *p.*, 354; *Code Civil Procedure*, sec. 501; *Keeler* agt. *Adams*, 3 *Cai.*, 84; *Anon.*, 1 *Code R.*, 40; *Downer* agt. *Eggleston*, 15 *Wend.*, 51; *Pattison* agt. *Richards*, 22 *Barb.*, 143; *Waterman on Set-off*, *pp.* 154 *and* 552).

*Alex. Thain*, for defendant.

J. S. BOSWORTH, *Referee* — In *Austin* agt. *Daniels* (4 *Denio* [299], 301) the court, by BEARDSLY, J., said: "Bank officers are but agents of the corporation, and if they transcend or abuse their powers are as much responsible to their principal as are the agents of an individual. This ought to be regarded as too plain to require argument or authority, and I shall offer neither." *Perry*, in his treatise on the law of trusts and trustees, enunciates as rules well settled, that the directors of corporations are trustees and agents of the shareholders and of the corporation (*see.* 207); that a trustee cannot sleep on his trust; that the law knows no such person as a *passive trustee*; that if a loss occurs from any want of attention, care or diligence of the trustee, after he accepts the office of trustee, he may be held responsible for not taking such action as was called for (*sec.* 266); that if a person assumes to act as trustee and becomes possessed of the trust fund and misapplies it, he cannot protect himself by showing that he was not legally a trustee (*sec.* 846); and that executors and administrators will be answerable for a breach of trust of their testator, though they may have distributed the assets without notice of the claim, unless the distribution was made by order of the court, or the time limited for suits against them has expired (*sec.* 846). *Robinson et al.* agt. *Smith et al.* (3 *Paige* [222], 231), *Cunningham* agt. *Pell* (5 *Paige* [607], 612), *Butts* agt. *Wood* 37 *N. Y.*, 317), *Osgood* agt. *Laytin* (4 *Abb. Ct. Ap. Cases*, 418), *Osgood* agt. *Ogden* (*id.*, 431) affirm these principles, illustrate to some extent their application, and the rights of action in favor of a receiver, which he can enforce.

The act incorporating the Yorkville Savings Bank (*Laws*

*of* 1869, *p.* 788) names the defendant as one of the corporators (*sec.* 1) and as one of the first trustees of that corporation (*sec.* 4), and he continued to act as such trustee until the appointment of the plaintiff as receiver therein.

The dividends alleged in the complaint to have been declared and paid, were declared by the co-operation, concurrence and approval of the defendant.

There were no surplus profits at the time these dividends were declared, out of which they or any part thereof could be paid, and this fact was well known to the defendant. His misconduct by willfully co-operating with other trustees to effect, and in effecting, a declaration, and payment of dividends, when there were no surplus profits out of which they could be paid, is clearly and fully established. I think, therefore, that independent of any statutory enactments he is liable to the corporation for this misconduct, and that the receiver can enforce that liability.

I think the defendant is also clearly liable by force of statutory provisions, whether this corporation is or is not a moneyed corporation within the meaning of that term as defined by the Revised Statutes. Section 14 of the act incorporating this corporation (*Laws of* 1869) declares that "the corporation hereby created shall be subject to the provisions of the eighteenth chapter of the first part of the Revised Statutes, and all other general laws affecting savings institutions so far as the same are applicable." Section 2 of title 4 of that chapter (1 *R. S.*, 601) declares that "it shall not be lawful for the directors or managers of any incorporated company in this state to make dividends, excepting from the surplus profits accruing from the business of such corporation, * * * and in case of any violation of the provisions of this section, the directors, under whose administration the same may have happened, except those who may have caused their dissent therefrom to be entered at large on the minutes of the said directors at the time, or were not present when the same did happen, shall, in their individual and

private capacities, jointly and severally, be liable to the said corporation, and to the creditors thereof in the event of its dissolution, to the full amount of the capital stock of the said company so divided, withdrawn, paid out or reduced,     *     *     *     with legal interest on the said respective sums from the time such liability accrued, and no statute of limitations shall be a bar to any suit at law or in equity, against such directors for any sums for which they are made liable by this section."

This language is so clear and precise that there can be no doubt that it includes a corporation like the Yorkville Savings Bank.

Such continued to be the law up to the time that chapter 371 of the Laws of 1875, passed May 17, 1875 took effect, and still continues to be the law applicable to the directors or managers of savings institutions unless, as to them, it is repealed by the act of 1875. Section 56 of this act (*id.*, 416) repeals several enumerated statutes relating specially to savings banks. No part of the Revised Statutes is in terms repealed. If repealed, it must be because some provisions of the act of 1875 relating to its trustees or managers are in direct conflict with the part of the Revised Statutes above quoted. I do not discover any thing in the act of 1875 which is necessarily of this character. If it be claimed that section 52 (*id.*, 416) is of this character it may be answered, as I think, that that section only relates to the powers, privileges, duties and restrictions imposed upon the corporation itself, and conforms the powers, rights and privileges of the corporation, and subjects the corporation to the duties, restrictions and liabilities imposed by that act. It does not in terms, and in my opinion it does not by necessary implication, repeal so much of the act of 1869, as imposes upon the trustees the liability above stated, for making dividends when there are no surplus profits with which to pay them. Hence it is clear that if this corporation is a moneyed corporation the trustees are liable for all dividends declared prior to the passage of the act of 1875 under

Van Dyck agt. McQuade.

section 10 of 1 Revised Statutes, 591, and if not a moneyed corporation then for all such dividends under section 2 of 1 Revised Statutes, 601 ( *Vide sec.* 11, *id.*, *p.* 605).

And even if the ground and measure of the liability of a trustee of a savings bank for acts done after the act of 1875 is to be brought only in that act; then it will be found that section 33 of that act (*p.* 411) makes the duty of the trustees of such corporation to regulate the rate of interest, not exceeding six per cent per annum, upon the deposits therewith, in such manner that depositors shall receive, as nearly as may be, all the profits of such corporation after deducting necessary expenses.

Section 33 declares that "no dividends or interest shall be declared, credited or paid except by authority of a vote of the board of trustees duly entered upon their minutes, wherein shall be recorded the ayes and noes upon such vote, and whenever any interest or dividends shall be declared and credited in excess of the interest or profits earned and appearing to the credit of such corporation, the trustees voting for such dividend shall be jointly and severally liable to the corporation for the amount of such excess so declared or credited."

The words "interest" and "dividends" are used in this act, as equivalent expressions. I cannot accede to the proposition that only such trustees are liable as appear by the minutes to have voted "aye" in favor of making a prohibited dividend; nor that those who caused it to be declared, if paid in pursuance of such declaration are not liable, because it may have been declared at a meeting when less than a legal quorum was present. All who voted to make the declaration, though they may have voted *viva voce*, and all who subsequently at a meeting of the board approved of such act, though they approved of it by a *viva voce* vote, are liable; they voted for it within the meaning of the provision, imposing the liability named for the misconduct specified. I think, therefore, that the defendant is liable by the rules of the common law, and is also liable under and by force of statutory law,

I think the right of action upon this liability of the trustee is vested in the receiver.

By the act of 1875 the liability imposed is declared to be a liability to the corporation; there can be no question that such a right of action vested in the receivers.

The liability created by section 2 of title 4 of chapter 18 of the Revised Statutes (*vol.* 1, *p.* 601), is declared to be a liability " to the new corporation and to the creditors thereof in the event of its dissolution."

The provision of law under which in *Osgood* agt. *Layton* (*infra*) it was held that an action would be maintained by the receiver, provided that, or any dividends so made shall subject each of the stockholders receiving the same, to an individual liability to the creditors of such company, to the extent of such dividend received by him (4 *Edmunds R. S.*, 210).

The act last cited subjects " each of the stockholders receiving " a dividend to " an individual liability to the creditors of such company;" though the liability of the stockholders is several, it is to the creditors generally, and not to each creditor. The liability imposed by the Revised Statutes, though several as well as joint, is " to the creditors thereof " generally, that is, to the creditors of the corporation, in the event of its dissolution. The reasons assigned by the court, GROVER, J., in *Osgood* agt. *Layton* (3 *Abb. Appeal Cases*, 424, *at the foot of the page*) for holding that the receiver might maintain the action in that case, apply with like force to this, and that case is an authority in point in favor of the receiver's right to maintain this action.

Hence it follows that whether the liability of the defendant throughout, is that declared by the Revised Statutes, or whether his liability as to acts done since the passage of the act of 1875 is determined and measured by the provisions of that act, the right of the receiver to recover seems to be free from reasonable doubt. And it also follows that the defendant is liable in this action for the amount of the dividends declared by his concurrence and co-operation.

I think there is nothing in the defense of non-joinder of parties set up in the answer; even if it be open to the defendant to avail himself of the alleged defect by answer it appears that some of the persons alleged to be co-trustees with the defendant, were not trustees when some of the dividends were declared and credited, and are not liable therefor, and the liability of the trustees is several as well as joint.

The alleged counter-claim is unavailable. The action sounds in tort. It is brought to enforce a liability caused by the misconduct of the defendant. As to the sums assessed upon and paid by the trustees into the bank, the liability of the corporation therefor, if it be liable to pay the same, arises upon contract; if by the terms of the resolution under which these moneys were assessed and paid, the corporation is under no liability to repay the same, unless "the profits of the bank warrant it," then the corporation is not liable therefor, and the profits of the bank have never warranted the payment of any part of these moneys, and as the institution is dissolved never can warrant it.